## Key v. Key.

May 9, 1944.

Joe P. Tackett for appellant.

J. B. Clarke for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

For a good cause Edna Key was granted a divorce from Roy Key on her counterclaim in an action instituted by him. She was allowed the sum of $500 for alimony, and the further sum of $50 a month as alimony and maintenance for herself and infant children, together with a fee of $100 for her attorney. She asks on this appeal that all of the awards be increased.

The Keys were married in 1917. They lived together until about 1938. Mrs. Key and the infant chil-

dren continued to live in a house owned jointly by her and her husband, which is worth some $800 to $1,000. Four children were born to the marriage, but it seems that only one, a girl about 10 years of age, and possibly another, now live with Mrs. Key. The appellee is a railroad man. He makes from $1,800 to $2,000 a year. He is in poor health. From his earnings and some $500 or $600 which he received after he was mustered out of the Army at the close of the last War, and through the frugality and business management of Mrs. Key, he had acquired several thousand dollars worth of property prior to the time of the separation. From the sale of a lot in Ashland and the proceeds of a fire insurance policy for the loss of a building in that city the appellee collected something in excess of $4,000, but he seems not to have had any of that money at the time of this trial. It was shown he owned government bonds in an undisclosed amount, and an automobile worth from $800 to $1,000. It was not shown that he had any property other than his interest in the property where Mrs. Key makes her home, the automobile and the government bonds. Mrs. Key owns a one-half interest in a garage building in Martin, said to be worth from $1,000 to $3,500, a one-fourth interest in a small tract of land in Knott County, from which she was receiving gas royalties at the rate of $21 a month in 1942, and a one-half interest in the home place. The appellee set forth in his petition, and so testified, that he was willing for Mrs. Key and the infant children to continue living in the home place until the latter reached their majority. We have noted the youngest child was about 10 years of age in 1943.

In view of the aforementioned circumstances, we fail to see how it can be contended seriously that the chancellor abused his discretion in awarding the sum of $500 as alimony to Mrs. Key, along with the allowance of $50 per month as alimony and maintenance for the infant children. The latter sum represents approximately one-third of the appellee's income, and, of course, is subject to adjustment upon a showing of changed conditions.

The record is not voluminous, consisting of some 140 pages, and the case does not present any particularly difficult angles. It appears to us, therefore, that the allowance of $100 to Mrs. Key for her attorney was reasonable, when we consider these points in connection

74

with the showing of the appellee's financial status and the allowance made to the appellant and her infant children.

Judgment affirmed.